UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MSP RECOVERY CLAIMS, SERIES
LLC, a Delaware Series Limited Liability
Company,

       Plaintiff,

vs.

MERCURY GENERAL GROUP, a foreign
profit corporation,

       Defendant,
_____/

Civil Action No. _____

## DEFENDANT, MERCURY GENERAL CORPORATION'S NOTICE OF REMOVAL

Defendant, Mercury General Corporation, incorrectly sued as "Mercury General Group" ("Mercury" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, hereby removes this action, captioned *MSP Recovery Claims, Series LLC v. Mercury General Group*, Case No. 2017-19595-CA-01, from the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. Pursuant to 28 U.S.C. § 1446(a), Mercury provides the following statement of the grounds for removal:

## BACKGROUND

1. On August 10, 2017, this putative class action was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida by Plaintiff, MSP Recovery Claims, Series LLC ("Plaintiff"), against "Mercury Casualty & Its Affiliated Companies." On March 19, 2018, prior to serving the original Complaint, Plaintiff filed its Amended Class Action Complaint for Damages (the "Amended Complaint"), in which "Mercury Casualty & Its Affiliated Companies" was replaced with "Mercury General Group" as

the sole defendant. The Amended Complaint was served on Mercury on April 11, 2018. *See* Amended Complaint, together with process papers served upon Mercury, attached hereto to as **Exhibit 1**.

2. Plaintiff purports to be an entity that contracts to provide claim recovery services to, among others, Health Maintenance Organizations ("HMOs") that offered Medicare benefits to enrollees through a Medicare Advantage Plan ("Medicare Advantage Plan") – also referred to as Medicare Advantage Organizations or "MAOs."

3. In the Amended Complaint, Plaintiff, on its own behalf as a purported assignee of a Medicare Advantage Organization, Health First Administrative Plans ("HFAP"), alleges a claim for breach of contract for failure to pay PIP benefits. Plaintiff seeks recovery under the Medicare Secondary Payer Act (the "MSP Act") and Florida Statute § 627.736 ("Florida's PIP Statute") for the amount of Medicare benefits allegedly paid by HFAP to medical providers who rendered services to E.B., an insured of Mercury who was allegedly enrolled in an HFAP Medicare Advantage Plan and sustained personal injuries in an automobile accident that occurred on June 30, 2012 (the "Enrollee/E.B.").

4. Plaintiff's Amended Complaint seeks reimbursement from Mercury for the Medicare benefits allegedly paid by HFAP to medical providers on behalf of the Enrollee/E.B. because Mercury is a "primary plan" under section 4 of Florida's PIP Statute and because a Medicare Advantage Organization, such as HFAP, pays "secondary" to any "primary plan" under the MSP Act. Plaintiff further alleges that Mercury breached the PIP Policy it issued to the Enrollee/E.B. when it failed to report to the Centers for Medicare & Medicaid Services ("CMS") its status as primary payer, which allegedly forced HFAP to make duplicate or unnecessary payments for medical services rendered to Enrollee/E.B. Plaintiff alleges that Mercury failed to

reimburse HFAP for Medicare benefits paid by HFAP to medical providers, on behalf of the Enrollee/E.B., in violation of Florida's PIP Statute and the MSP Act.

5. Plaintiff purports to represent a class consisting of "[MAOs] and their assigns, which include first-tier and downstream entities" that allegedly made payments on behalf of Mercury's insureds resulting from injuries sustained in automobile accidents. (Amd. Compl. ¶1.)

6. This action is one of dozens of similar lawsuits filed by Plaintiff or related entities in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, many of which cases have been removed to, and are pending in, the United States District Court for the Southern District of Florida, Miami Division.

7. Mercury received the Amended Complaint through service on April 11, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Mercury is attached hereto as Exhibit 1. A copy of the state court docket and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 2**.

## VENUE AND JURISDICTION

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89, 1391, 1441(a), 1446(a), and 1453(b) because the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the Complaint was filed, is a state court within the Southern District of Florida.

9. This Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there is minimal diversity between the parties; (2) there are at least 100 putative class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Further, this Court has subject matter jurisdiction as Plaintiff's claim "arises under" federal law, more particularly the Medicare Secondary Payer Act.

10.     Mercury will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## I.     THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA

11.     CAFA provides for broad federal jurisdiction with a strong preference that interstate class actions be heard in federal court if properly removed. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006); *Schwartz v. SCI Funeral Servs. of Fla., Inc.*, 931 F. Supp. 2d 1191, 1198 (S.D. Fla. 2013).

12.     CAFA confers federal jurisdiction over class actions where "(1) *any* member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (emphasis in original).

13.     Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *All-S. Subcontractors, Inc. v. Amerigas Propane, Inc.*, No. 3:15CV9/MCR/CJK, 2015 WL 4603567, at *5 (N.D. Fla. July 30, 2015) (noting that a notice of removal "need not contain evidentiary submissions").

### A.     <u>The Parties Are Minimally Diverse</u>

14.     This action satisfies CAFA's minimal diversity requirement. Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties, CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where any member of the putative class is a citizen of a state different from any defendant. *Id.*

15. A limited liability company is a citizen of every state in which one of its members is located. *Moreno v. Breitburn Fla., LLC*, 2011 U.S. Dist. LEXIS 62187, *2 (M.D. Fla. 2011) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020 (11th Cir. 2004)).

16. A party need not allege the citizenship of each of the members of a limited liability company to establish diversity jurisdiction when, after conducting a reasonable investigation, that party is unable to determine the citizenship of each of those members. *See Bissell v. Graveley Bros. Roofing Corp.*, 2016 U.S. Dist. LEXIS 80308, *18-19 (E.D. Pa. 2016) ("[W]here a party has conducted a reasonable investigation, [that party] may allege in good faith 'upon information and belief' it is diverse from each member of the [opposing party]"); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110-111 (3rd Cir. 2015) ("[Plaintiff, who filed suit in federal court] has a good-faith basis for alleging that the LLC defendants' members are not citizens of Nebraska. . . The information provided by [plaintiff] indicates that (1) the LLC defendants have connections to New York and Delaware; (2) counsel for [plaintiff] conducted a reasonable inquiry to determine the membership of the LLC defendants but found nothing of value; and (3) counsel for [plaintiff] found no connection between the LLC defendants and Nebraska. . . . [Plaintiff] has alleged complete diversity in good faith, and this is enough to survive a facial attack."); 5 Charles Alan Wright et al., *Federal Practice and Procedure: Federal Rules of Civil Procedure* §1206 (3d ed., updated 2013) (noting that it would be "unduly restrictive" to prevent a party from pleading jurisdiction on information and belief).

17. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18. Plaintiff is a Delaware series limited liability company with its principal place of business in Florida. (Amd. Compl. ¶ 16.).

19. Although not alleged in the Amended Complaint (Plaintiff named "Mercury General Group," which is not a recognized legal entity, in the Amended Complaint), Mercury is a California corporation with its principal place of business in Los Angeles, California[1]. *See* Mercury's January 31, 2018 Statement of Information filed with the State of California Secretary of State, attached hereto as **Exhibit 3**.

20. Mercury's reasonable investigation did not reveal <u>any</u> connection between Plaintiff and California. Mercury consulted the Delaware Secretary of State's website to identify Plaintiff's members, but that website did not include <u>any</u> information about Plaintiff's members. *See* Department of State: Division of Corporations, Entity Search, State of Delaware, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited on May 7, 2018). Filings by Plaintiff in other similar cases, however, identify Plaintiff's sole member and indicate that Plaintiff is a citizen of Florida and Delaware, as described below.

21. On April 19, 2018, in a similar matter styled *MSP Recovery Claims, Series LLC v. OneBeacon Insurance Group*, Case No., 17-CV-24023-FAM, pending in the United States District Court for the Southern District of Florida, Plaintiff filed its Second Amended Corporate

---

[1] Although Plaintiff did not name Mercury (and, thus, did not serve Mercury), it served the agent for service of process in Brea, California for Mercury's California insurers (Mercury Insurance Company, Mercury Casualty Company, and California Automobile Insurance Company), each of which, like Mercury, is a California corporation with its principal place of business in California. *See* Amended Complaint, together with process papers served upon Mercury, attached hereto to as Exhibit 1; *see also* Mercury Insurance Company's November 29, 2017 Statement of Information filed with the State of California Secretary of State, attached hereto as **Exhibit 4**; Mercury Casualty Company's August 29, 2017 Statement of Information filed with the State of California Secretary of State, attached hereto as **Exhibit 5**; California Automobile Insurance Company's August 30, 2017 Statement of Information filed with the State of California Secretary of State, attached hereto as **Exhibit 6**.

Disclosure Statement and Certificate of Interested Persons, attached hereto as **Exhibit 7**, in which Plaintiff identified VRM MSP Recovery Partners, LLC, a Delaware limited liability company, as its sole member. Mercury, after conducting a reasonable investigation, has been unable to identify the members of VRM MSP Recovery Partners, LLC. *See* Department of State: Division of Corporations, Entity Search, State of Delaware, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited on May 7, 2018). However, Plaintiff has already acknowledged in filings in federal court that the minimal diversity requirement under CAFA is satisfied for claims asserted by Plaintiff against California corporations.

22. On October 30, 2017, in the matter styled *MSP Recovery Claims, Series LLC, et al. v. Mallinckrodt Ard, Inc., et al.*, Case No. 2:17-cv-07928-CBM-FM, filed in the United States District Court for the Central District of California, Plaintiff filed a Class Action Complaint alleging Sherman Act violations against Mallinckrodt Ard, Inc. ("Mallinckrodt") and other defendants. *See* Class Action Complaint, attached hereto as **Exhibit 8**. In that Complaint, Plaintiff acknowledged that it is a Delaware limited liability company with its principal place of business in Florida and asserted that the United States District Court for the Central District of California had jurisdiction over its class action claims against Mallinckrodt (a California corporation) based, in part, upon diversity jurisdiction under the CAFA. *Id.* at ¶¶5, 8, 14.

23. In light of all of the foregoing, Mercury reasonably believes that Plaintiff is a citizen of Florida and Delaware only and is not a citizen of California, Mercury's sole state of citizenship. Accordingly, CAFA's minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

24. In the alternative, if there is any doubt as to whether Plaintiff is a citizen of the State of California, the Court should permit Mercury to engage in limited jurisdictional discovery (i.e. a single interrogatory) to address that issue. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d at 108-109 ("[A] rule requiring the citizenship of each member of [an] LLC to be alleged affirmatively *before* jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent. This is surely not what the drafters of the Federal Rules intended.") (emphasis in original).

### A.    Plaintiffs' Proposed Class Includes At Least 100 Members

25. Plaintiff purports to represent a class consisting of Plaintiff, "[MAOs] and their assigns, which include first-tier and downstream entities" that allegedly made payments on behalf of Mercury's insureds resulting from injuries sustained in automobile accidents. (Amd. Compl. ¶1.) The putative class is defined as follows:

> All non-governmental organizations (including, but not limited to MAOs, first tier entities, and downstream entities) or their assigns, that provide benefits under Medicare Part C in Florida who made payments for accident-related medical items and services on behalf of their beneficiaries between 2011 and 2017 (the 'Class Period'), for which the defendant had provided no-fault insurance coverage related to the medical items and services involving accidents, and for which Defendant did not make primary payment or has not reimbursed in full or in part.

*Id.* at ¶58.

26. Plaintiff further alleges that "[f]irst-tier and downstream entities include Management Service Organizations ('MSO'), and Independent Physician Associations ('IPA'), and other full-risk providers . . . ." *Id.* at ¶56. Plaintiff asserts that "[t]he Class consists of ***at least*** 37 Florida MAOs, First-Tier Entities, Downstream Entities, and their assignees and is so numerous that individual joinder of each Class Member is impracticable." *Id.* at ¶60 (emphasis added).

27. According to CMS, as of April 2018 there were 699 entities offering Medicare Advantage Plans pursuant to Medicare Part C. *See* CMS' Medicare Advantage Contract Directory, attached as **Exhibit 9**. As the putative class is defined as including "**[a]ll**" non-governmental organizations, or their assigns, that provide benefits under Medicare Part C in Florida, all 699 MAOs (together with the assignees) could be a member of the putative class.

28. Plaintiff's reference to benefits provided "in Florida" does not limit the MAOs implicated by Plaintiffs class to those MAOs located in Florida (of which there is approximately fifty (50)). *See* CMS' Medicare Advantage Contract Directory. An enrollee in an MAO located outside of the State of Florida is eligible to receive benefits when that enrollee is injured in an automobile accident in Florida. *See* 42 C.F.R. §422.113(b)(2)(i) (an "MA organization is financially responsible for emergency and urgently needed services . . . [r]egardless of whether the services are obtained within or outside the MA organization."); *see also* 42 C.F.R. §422.113(b)(1)(iii) ("Urgently needed services means covered services that are not emergency services as defined in this section, provided when an enrollee is temporarily absent from the MA plan's service (or, if applicable, continuation) area (or provided when the enrollee is in the service or continuation area but the organization's provider network is temporarily unavailable or inaccessible) when the services are medically necessary and immediately required - (A) As a result of an unforeseen illness, injury, or condition; and (B) It was not reasonable given the circumstances to obtain the services through the organization offering the MA plan.").

29. Further, an individual enrolled in a MAO not located in Florida is still eligible for Florida PIP benefits, including when that individual is visiting Florida and is a passenger in an automobile owned or operated by a Florida resident, a permissive user of such an automobile, or a pedestrian hit by such an automobile. *See* Fla. Stat. §627.733(2) ("[E]very nonresident owner or

registrant of a motor vehicle which, whether operated or not, has been physically present within this state for more than 90 days during the preceding 365 days shall thereafter maintain security as defined by subsection (3) in effect continuously throughout the period such motor vehicle remains within this state."); *see also* Fla. Stat. §627.736(1) ("An insurance policy complying with the security requirements of [Section 627.733] must provide personal injury protection to the named insured, relatives residing in the same household*, persons operating the insured motor vehicle, passengers in the motor vehicle, and other persons struck by the motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle* . . . .") (emphasis added).

30.     Based upon the definition of the putative class set forth in the Amended Complaint, which Mercury reserves all rights to contest, it is clear that the putative class includes at least one hundred (100) members and, thus, this Court has jurisdiction over Plaintiff's claims under the CAFA.

      **B.**     **The Amount in Controversy Exceeds $5,000,000.00**

31.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 553; *see Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (same).

32.     The Court is not "bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  Further, a "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Rather, "all that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dudley v. Eli Lilly & Co.*, 778 F.3d at 912.

33.     Under CAFA, jurisdiction exists when the alleged amount in controversy—calculated by aggregating the claims of all putative class members—exceeds $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

34.     In its Amended Complaint, Plaintiff alleges that Mercury "issues no-fault insurance policies in Florida that provide personal injury protection ('PIP') benefits, as well as medical and extended medical-expense coverage, that must comply with Fla. Stat. §§627.730-627.7405." (Amd. Compl., ¶19). Pursuant to Florida's PIP Statute, insurers "must provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in the motor vehicle, and other persons struck by the motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle . . . ***to a limit of $10,000 in medical and disability benefits*** and $5,000 in death benefits resulting from bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle." (emphasis added). Further, Plaintiff alleges that it "seeks reimbursement for all sums . . . that Plaintiff's Assignors and Class Members were billed for medical care and treatment rendered to the Enrollees within the applicable limitations period, for which defendant was responsible as primary payer" under the subject no-fault insurance policies issued by Mercury. *Id*. at ¶6.

35.     To satisfy CAFA's jurisdictional threshold of $5,000,000.00, only five hundred (500) total claims for the $10,000.00 policy limits would need to be at issue. Although Mercury disputes that there are any valid claims against it arising from the allegations in the Amended

Complaint, Plaintiff's disputed allegations implicate at least five hundred (500) claims for policy limits, particularly as, as discussed above, the putative class includes more than 100 entities, potentially all 699 MAOs offering Medicare Advantage Plans pursuant to Medicare Part C (together with their assignees).

36.     In fact, Plaintiff's counsel has previously argued on behalf of one of Plaintiff's affiliates that these cases implicate "thousands" of claims.  *See* Plaintiff's April 21, 2016 Motion to Certify Class and for Appointment of Class Counsel, filed in the matter styled *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company*, Case No. 2015-027940-CA-01, attached hereto as **Exhibit 10**, pp. 14, 17 ("[E]ach member-MAO may have dozens, hundreds, thousands, or even tens of thousands of instances in which Defendant has failed to provide primary payment . . .," also citing *Altamonte Springs Imaging L.C. v. State Farm Mut. Auto. Ins. Co.*, 12 So.3d 850, 852 (Fla. 3d DCA 2009) for the proposition that "the judicial economy obtained in a class action resolving thousands of . . . claims is obvious."); *see also* April 20, 2017 Order Granting Plaintiff's Motion to Certify Class, issued in the matter styled MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company, Case No. 2015-027940-CA-01, attached hereto as **Exhibit 11**, pg. 25 ("[I]t appears that each class member MAO may have hundreds of instances in which Defendant has potentially failed to provide primary payment . . . .").  Accordingly, even if the amount of payments claimed to be made by any particular MAO on behalf of Mercury insureds does not, for any such insured, reach the subject policy limits[2], the number of claims implicated (as previously argued by Plaintiff's counsel) makes it clear that the alleged amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.

---

[2] In the Amended Complaint, Plaintiff alleges that the payments made by HFAP for E.B.'s medical expenses totaled $2,086.79.  (Amd. Compl., ¶11).

**II.  REMOVAL IS ALSO PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331**

37.  Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

38.  "Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).  "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).

39.  For purposes of Section 1331, "[a] case 'arises under' federal law . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoise Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. at 27-28).  "[E]ven when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if . . . his state-law claims raise substantial questions of federal law . . . ." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. at 13).

40.  In the first paragraph of its Amended Complaint, Plaintiff asserts that "Congress implemented the [MSP Act] to require primary payers, such as defendant, to pay

for accident-related medical expenses *first*. Medicare and Medicare Payers are supposed to pay *second*, if at all." (Amd. Compl., ¶1) (emphasis in original). Plaintiff further asserts that: a) "[t]he 2007 amendments [to the Medicare Act] created an affirmative duty on primary payers, such as defendant, to notify Medicare and MAOs when they should pay for medical expenses or be primary payers;" and b) "defendant failed to reimburse the Assignors and Class Members *as required by the [MSP Act]*. The Assignors have transferred title and ownership of their claims *under the [MSP Act]* and under state law." *Id*. at ¶¶5, 49(emphasis added).

41.   Based upon these allegations, Plaintiff attempts to allege a claim against Mercury for breach of contract, although, in doing so, Plaintiff relies upon the MSP Act, asserting that it and its assignors "are subrogated the right to recover primary payments from defendant for its breach of contract with their [sic] insureds *under the [MSP Act]*. . . . Under the applications regulations, Plaintiff's Assignors are permitted to subrogate the enrollee/insured's rights of action against the defendant. *See 42 C.F.R. §411.26*." *Id*. at ¶86 (emphasis added). Plaintiff further alleges that its claimed subrogation rights arise, in part, "**under the MSP laws** . . . ." *Id*. at pg. 25, n.10 (emphasis added).

42.   In light of Plaintiff's repeated reliance on the MSP Act in purported support of its claim against Mercury, it is clear that Plaintiff's ability to recover from Mercury "necessarily depends" upon the Court's application and construction of the MSP Act, including whether the MSP Act entitles Plaintiff and the putative class members to recover payments allegedly made by Plaintiff's alleged assignor and other MAOs on behalf of Mercury's insureds. Thus, Plaintiff's breach of contract claim against Mercury "arises under" federal law, and this Court has jurisdiction of that claim pursuant to 28 U.S.C.

§1331.

### III.  ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

####   A.  This Notice of Removal Is Timely

43.  Mercury received the Complaint through service on April 11, 2018.  Because Mercury filed the Notice of Removal on May 9, 2018, removal is timely.  *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

####   B.  Mercury Has Complied With the Procedure for Removal

44.  The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446.  Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446.  Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading.  *See* 28 U.S.C. §1446.

45.  Paragraphs 11 through 42 directly above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (under 28 U.S.C. §1331 and 28 U.S.C. § 1332) and the factual support for that jurisdiction.  Accordingly, Mercury has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal.  In addition, this notice has annexed to it, as Exhibit 1, a copy of all process, pleadings and other papers that have been served on Mercury in compliance with 28 U.S.C. §1446.

### IV.  RESERVATION OF DEFENSES

46.  By filing this Notice of Removal, Mercury does not waive any defense that may

be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Mercury requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

Respectfully submitted, this 9th day of May, 2018.

> **GORDON REES**
> **SCULLY MANSUKHANI**
> 100 SE Second Street, Suite 3900
> Miami, FL  33131
> Telephone: (305) 428-5300
> Facsimile:  (877) 634-6209
>
>   *s/ Robin Taylor Symons*
> Robin Taylor Symons, Esq.
> Florida Bar No. 356832
> Eric R. Thompson, Esq.
> Florida Bar No. 888931
> Email: rsymons@gordonrees.com
> Email: ethomphson@gordonrees.com
> ***Attorneys for Defendant, Mercury General Corporation***

**I HEREBY CERTIFY** that on May 09, 2018, the foregoing document was electronically filed with the Clerk of Court, using CM/ECF, and that a true and correct copy is being served on all counsel of record on the Service List below.

>   *s/ Eric R. Thompson*
> Eric R. Thompson, Esq.

**Service List**

Frank C. Quesada, Esq.
Gino Moreno, Esq.
Arlenys Perdomo, Esq.
Andre Vazquez, Esq.
serve@msprecovery.com
MSP Recovery Law Firm
5000 S.W. 75th Avenue, Suite 400
Miami, Florida 33155
***Attorneys for Plaintiff***

8011116/38322080v.1